**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 1 7 2004

Michael N. Milby
Clerk of Court

MARIA DE JESUS CASTILLO DE ROMO )

v. )

TOM RIDGE, and MARC MOORE, )
    U.S. DEPT OF HOMELAND SECURITY, and )
THE UNITED STATES OF AMERICA. )
                                             )

**B-04-099**

### PETITION FOR WRIT OF HABEAS CORPUS

Maria De Jesus Castillo de Romo, through counsel, files the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, and *INS v. St. Cyr,* 533 U.S. 289 (2001).

### I.   INTRODUCTION

Maria De Jesus Romo, ("Ms. Romo"), seeks habeas review of the Decision of the Board of Immigration Appeals, dated June 10, 2004. (Exhibit A, herein incorporated by reference).  Given the recent position of the Government with respect to jurisdiction, Ms. Romo is also filing a petition for review with the Fifth Circuit.

### II.   JURISDICTION

1.  Habeas corpus jurisdiction exists under 28 U.S.C. §2241.  Ms. Romo is under an administratively final order of deportation, which places significant restrictions on her liberty not shared by the population at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236, 240 (1963).  Should it be necessary, the Court also has habeas jurisdiction pursuant to *U.S. ex rel Marcello v. INS,* 634 F.2d 964, 970-972 (5th Cir.), *cert. denied*, 452 U.S. 917 (1981) (habeas action not barred for failure to seek statutorily available judicial review, absent a finding that there was a "deliberate by-pass" of such review), [1] and/or 28 U.S.C. §1367.

---

[1]    *Marcello* was cited with approval for its holding that habeas jurisdiction over deportation orders exists independently of statutory review, in *INS v. St. Cyr, supra,* 533 U.S. at 310.

## II.  THE PARTIES

2.  Petitioner Maria de Jesus Romo is a native and citizen of Mexico, who became a permanent resident of the United States in 1982.  Removal proceedings were commenced in 2002, on the basis of her 1996 plea of guilty to a charge of simple possession of marijuana, a second degree felony, for which she was given deferred adjudication, and placed on probation.  Ms. Romo resides in Mission, Texas, within the jurisdiction of this Court.

3. Respondent Tom Ridge is the Director of the Department of Homeland Security.  Respondent Marc Moore is the Field Office Director of the Department of Homeland Security.

4.  Respondents Moore and Ridge maintain offices in Harlingen, Texas, which is also where the removal proceedings were conducted against Ms. Romo.  Both are sued in their official capacities only.

## III.  THE FACTS

5.  Maria De Jesus Romo is a native and citizen of Mexico. She resides in Mission, Texas, with her lawful permanent resident husband, and three U.S. citizen children.

6.  Ms. Romo was placed in removal proceedings in 2002, [2] on the basis of her May 14, 1996 plea of guilty to a charge of simple possession of marijuana, for which she was given deferred adjudication, and placed on probation for ten years.  Ms. Romo was factually innocent of the charges, and agreed to plead guilty only because her attorney assured her that there would be no immigration consequences to the plea.  And in fact, at that time, deferred adjudication was not a conviction for immigration purposes.

---

[2]    She was first detained by INS in 1997, and an NTA was prepared at that time.  However, it was never filed with the Court. Petitioner's Exhibit B, incorporated by reference.

*Martinez-Montoya v. INS,* 904 F.2d 1018 (5th Cir. 1990).

7.  Ms. Romo requested that proceedings be terminated, on the basis that deferred adjudication taken at a time when it was not a conviction under *Martinez-Montoya* was still not a conviction under IIRIRA.  In the alternative, she argued that the logic of *St. Cyr* mandated that she be permitted to apply for §212(c) relief.  Both the Immigration Judge, and the BIA, rejected these claims, and ordered that she be removed to Mexico.  Exhibit "A."

### V.    CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with her native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### A.    REMOVABILITY [3]

In *INS v. St. Cyr, supra,* the Supreme Court applied a heightened clarity standard for determining whether a deportation statute is sufficiently vague to trigger retroactivity analysis under *Landgraf v. USI Films,* 511 U.S. 244 (1994). Essentially, *St. Cyr* requires that before a statutory provision be found to apply retroactively, it must be "so clear that it could sustain only one interpretation." *Id.* at 317.

Ms. Romo urges that this test is not met.  IIRIRA §322(c) requires

---

[3]    It is of this cause of action that Ms. Romo is seeking review by the Fifth Circuit.  She includes it, however, to preserve the issue, in the event her petition is dismissed on motion, and she does not receive adequate and effective review at the Fifth Circuit. *See, Swain v. Pressley,* 430 U.S. 372 (1977) (substitution of collateral remedy for habeas corpus does not violate the Suspension Clause where the remedy is co-extensive with the review which would be provided by habeas corpus, and is not "inadequate or ineffective" to test the legality of the detention).

that the new provisions apply *to convictions and sentences* entered before, on, or after the date of the enactment of IIRIRA, on September 30, 1996. Under the plain language of this provision, it cannot apply to her, because deferred adjudication was not a "conviction" when it was entered. Therefore, it was not a conviction "entered before" the enactment of IIRIRA.

Further, to the extent this provision is ambiguous, the reasons for favoring the interpretation urged by Ms. Romo are at least as compelling as those which the Supreme Court faced in *St. Cyr.* An alternative construction would raise grave constitutional concerns, and under the *Landgraf* analysis, the retroactive impact is far greater. In *St. Cyr,* the change was from possible deportation to mandatory deportation. Here, it is from no immigration consequences to mandatory deportation.

### B. POSSIBLE RELIEF FROM REMOVAL

Ms. Romo is caught in a "Catch-22" situation. Because deferred adjudication was not a conviction, she was not subject to removal at the time she entered her plea. Therefore, she cannot claim that she "relied" on the availability of relief. However, *had it been a conviction*, the offense would not have been considered an aggravated felony, under *Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995), and she would have been eligible for cancellation of removal. She was therefore greatly prejudiced by the failure of Respondents to file the NTA, and commence removal proceedings, for five years.[4]

---

[4] Previously, after a charging document was issued, it could be filed with the Immigration Court by either party. However, under the regulations in effect when her NTA was issued, it could only be filed by the Government. *Compare,* 8 C.F.R. 3.14(a) (1996) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service, except for bond proceedings ..."), with 8 C.F.R. 3.14(a) (1996) ("Jurisdiction vests, and proceedings before

Under the reasoning of *St. Cyr,* moreover, it would cause serious constitutional problems to conclude that Ms. Romo is not only subject to removal, but ineligible for any form of relief.

### 1.   STATUTORY CONSTRUCTION
### a.   AGGRAVATED FELONY

Ms. Romo first urges that the Board erred as a matter of law in its conclusion that *U.S. v. Avalos-Hernandez, supra,* controls the resolution of the question of whether her deferred adjudication disposition constitutes an aggravated felony.  The language therein disapproving of *Matter of K-V-D-* was clearly *dicta,* and the Board should not have applied it to Ms. Romo.  To the contrary, Ms. Romo asserts that the Board correctly decided *Matter of K-V-D-,* and that it erred in not applying said decision herein.

### b.   MATTER OF ROLDAN, SUPRA.

Ms. Romo also urges that, as a question of law, *Matter of Roldan,* I.D. No. 3377 (BIA 1999), holding that *Matter of Manrique* 21 I&N Dec. 58 (BIA 1995), [5] was superceded by 8 U.S.C. §1101(a)(48)(A), was incorrectly decided, and that §1101(a)(48)(A) was not intended to, and did not, legislatively overrule *Matter of Manrique, supra. See, Matter of Salazar-Regino,* 23 I&N Dec. 223 (BIA 2002) Dissenting Opinion by Board Member Lory Rosenberg, in which Board Members Villageliu, and Espenoza, joined.  (*Id.* at 237-251).  *See also,* Dissenting Opinion of Board Member Anthony Moscato, in which Board Member Villageliu, joined.  (*Id.,* 23 I&N Dec. at 251-252).

---

an Immigration Judge commence, when a charging document is filed with the Immigration Court except for bond proceedings ...").

[5] *Manrique* held that rehabilitative treatment for first time drug offenders was not a conviction, based on an analogy to the Federal First Offender Act, ("FFOA" 18 U.S.C. §3607).

## 2.  EQUAL PROTECTION
### a.  FEDERAL FIRST OFFENDER ACT

Ms. Romo next asserts that, for the reasons set forth in *Lujan-Armendariz, supra*, it violates Equal Protection for a determination of whether a given disposition of criminal charges for simple possession of a controlled substance renders an immigrant subject to deportation to be based solely on whether the immigrant was processed in state, or federal, court.

### b.  DIFFERING RESULTS IN DIFFERENT JURISDICTIONS

Ms. Romo also asserts that, given the national character of immigration law, it violates Equal Protection for the result of her case to depend solely on the federal jurisdiction in which it arose, such that, had she been placed in removal proceedings within the Ninth, rather than the Fifth Circuit, she would not be subject to removal at all, and that, had she been placed in such proceedings in any jurisdiction other than the Fifth, and most particularly, within the Third Circuit, she would have been held to qualify for cancellation of removal, which relief, she urges, she would have earned in the exercise of discretion.

### c.  DIFFERING RESULTS BASED ON TIMING OF THE PROCEEDINGS

Had Ms. Romo's case been heard between March 3, 1999, and May 11, 2001, (after *Matter of Roldan*, and before *Hernandez-Avalos*), she would have been subject to removal but eligible for relief, which she would have most probably earned in the exercise of discretion. It violates Equal Protection for the difference between remaining in the U.S. as a lawful permanent resident, and being removed, and permanently barred from returning lawfully, to be based solely on the timing of the proceedings.  This violation is particularly egregious because it is the very fact that the deferred

6

adjudication disposition did not, at that time, render her subject to removal that caused the delay. Therefore, otherwise similarly situated LPRs who were *not* granted rehabilitative treatment, and whose guilt was adjudicated, received, in the end, more favorable treatment in the immigration context, because proceedings were commenced when they were still considered eligible for cancellation of removal. *See,* Petitioner's Exhibit E, incorporated herein.

### d. EQUAL PROTECTION BASED ON *INS v. St. Cyr*

Finally, it would deprive her of Equal Protection, because there is no rational basis for allowing LPRs who relied on the availability of relief when negotiating plea bargains to seek such relief, while precluding those who relied on the fact that their pleas did not carry any immigration consequences when they were negotiated from seeking any form of relief from removal.

### 3. SUBSTANTIVE DUE PROCESS

As a permanent resident, Ms. Romo has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with her family. *See,* Dissenting Opinion of Board Member Rosenberg, *supra* at 238. *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S. 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S. 494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that

the interest advanced by the State was insufficient to justify the particular intrusion into the family unit.  As a lawful permanent resident, Ms. Romo enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

Ms. Romo asserts that the combination of provisions enacted by IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a), which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated felonies," constitutes an unconstitutional "conclusive presumption" that all LPRs who have been convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

### 4.  PROCEDURAL DUE PROCESS

Ms. Romo also asserts that the Board's decision deprives her of Procedural Due Process, as seen by another series of Supreme Court cases, involving "fair notice." To apply *Matter of Roldan* and *U.S. v. Hernandez-Avalos* to Ms. Romo retroactively converts a disposition which, at the time of her plea bargain, carried no immigration consequences at all, into one which requires mandatory deportation.  Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee,* 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

8

As this Court has long recognized, "[t]hat deportation is a penalty - at times a most serious one - cannot be doubted." *Bridges,* 326 U.S., at 154, 65 S.Ct. 1443; see also *ibid.* (Deportation places "the liberty of an individual ... at stake.... Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.")

Deportation then becomes an additional penalty, retroactively attached to the "criminal offense," not by any amendment to the statute, but by virtue of changed administrative and judicial interpretations thereof. This occurs even though, under state law, there is no conviction, and never will be one, if the Petitioner successfully completes her probation.

Therefore, §1101(a)(48)(A), as interpreted and applied herein, is unconstitutional in that it retroactively makes qualitative changes in the penalty imposed, in a wholly unexpected manner. *See,* Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998. *See also, Arce v. Walker*, 139 F.3d 329,333-34 (2nd Cir. 1998):

[T]he Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in ... an unexpected manner." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n. 4 (observing that proscribed conditions of confinement must be "qualitatively different from the punishment characteristically suffered by a person convicted of crime, and [have] stigmatizing consequences." (citation and internal quotation marks omitted)); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980) (holding that "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual"); *Washington v. Harper,* 494 U.S. 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178

(1990) (holding that inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty, rather than criminal punishment, is involved. As the Supreme Court recently held in *BMW of North America v. Gore*, 517 U.S. 559,574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22

> FN22. See *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due process); *id.,* at 350-355, 84 S.Ct., at 1701-1703 (citing cases); *Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner,* 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties.*

For a lawful permanent resident such as Ms. Romo, there can be not question but that deportation is a "civil penalt[y]" imposed as a result of her criminal "conviction" for possession of marijuana. It therefore violates Due Process as a retroactive application of new construction of a statute, as in *Bouie v. City of Columbia,*

10

notice, as in *Shaffer v. Heitner, supra*.  And, as in *BNW of North America v. Gore, supra*, it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." [6]

### 5.   INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Ms. Romo urges that the instant order violates international law, and treaty obligations between the United States and Mexico, her country of origin.  *See Beharry v. Reno,* 183 F.Supp.2d 584 (E.D.N.Y. 2002) (Where a statute appears to contradict international law, an appropriate remedy is to construe it so as to resolve the contradiction). [7]


Respectfully Submitted,


Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Rd.
San Benito, TX 78586              Fed. ID:   1178
(956) 421-3226                    Texas Bar: 03052800

---

[6]   This is very similar to, and is reinforced by, the "void forvagueness" analysis of *Jordan v. DeGeorge,* 341 U.S. 223,231 (1951) (statute relating to deportation would be tested under "void for vagueness" doctrine, notwithstanding that statute was not criminal statute, in view of grave nature of deportation).

[7]   *Beharry* found relief available where an offense was committed before IIRIRA, but the plea occurred after enactment.

11

## VERIFICATION

I, Lisa S. Brodyaga, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.

_____

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits A and B, was personally delivered to the Office of the United States Attorney, Brownsville, Texas, on June 17, 2004.

_____

12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


MARIA DE JESUS CASTILLO DE ROMO          )

v.                                       )

TOM RIDGE, and MARC MOORE,               )
     U.S. DEPT OF HOMELAND SECURITY, and )
THE UNITED STATES OF AMERICA.            )
_____)


EXHIBIT "A" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Brodyaga, Lisa S., Esquire
17891 Landrum Park Road,
San Benito, TX 78586-0000

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

Name: **CASTILLO-ZAPATA, MARIA DE JESUS**          A37-837-447

Date of this notice: 06/10/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*F. F. Kd*

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    HOLMES, DAVID B.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A37 837 447 - Harlingen

Date:

In re: MARIA DE JESUS CASTILLO-ZAPATA

JUN 1 0 2004

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Lisa S. Brodyaga, Esquire

ON BEHALF OF DHS:  Sean D. Clancy
                   Assistant Chief Counsel

CHARGE:

Notice:  Sec.    237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                 Convicted of controlled substance violation

APPLICATION:   Waiver of inadmissibility; adjustment of status;
               voluntary departure

ORDER:

PER CURIAM. The respondent's appeal from the Immigration Judge's decision is dismissed. We have reviewed the record of proceedings and the respondent's contentions on appeal. We agree with and adopt the Immigration Judge's decision. On appeal, the respondent argues in part that the Immigration Judge relied on a statutory provision that operates in an unconstitutionally retroactive or *ex post facto* fashion. This Board, like the Immigration Judge, has no jurisdiction to consider challenges to the constitutionality of the statutes and regulations we administer. *See Matter of Gonzalez*, 21 I&N Dec. 937 (BIA 1997). Further, we are not persuaded that the statutory provisions relied on by the Immigration Judge were incorrectly construed or applied. Accordingly, the appeal is dismissed.

FOR THE BOARD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


MARIA DE JESUS CASTILLO DE ROMO                    )

v.                                                 )

TOM RIDGE, and MARC MOORE,                         )
     U.S. DEPT OF HOMELAND SECURITY, and           )
THE UNITED STATES OF AMERICA.                      )
─────────────────────────────────────────────────)


EXHIBIT "B" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

...ration Service                                                                    Notice to Appear

...n removal proceedings und~~ section 240 of the Immigration and Nationality Act

File No:  A37 837447

In the Matter of:

Respondent:  Maria de Jesus CASTILLO-Zapata          aka:  Maria de Jesus Romo          currently residing at:
c/o Port Isabel Service Processing Center; Rt 3  Box 341, Los Fresnos, TX 78566          (956) 233-4431
(Number, street, city, state and ZIP code)                                                          (Area code and phone number)

☐ 1.  You are an arriving alien.
☐ 2.  You are an alien present in the United States who has not been admitted or paroled.
☒ 3.  You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1.  You are not a citizen or national of the United States;
2.  You are a native of Mexico and a citizen of Mexico;
3.  You were, on November 4, 1982, admitted to the United States as an immigrant;
4.  On May 14, 1996, you were convicted in the 24th District Court of Refugio County in Refugio, Texas for the offense
    of  POSSESSION OF MARIJUANA 50 LBS - 200 LBS..

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision (s) of law:

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have
been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a
foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act [21 U.S.C. 802]),
other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
    201 E. Jackson Street, Harlingen, Texas
(Complete Address of Immigration Court, Including Room Number, if any)
on      TO BE SET          at      TO BE SET      to show why you should not be removed from the United States based on the
          (Date)                          (Time)
charge(s) set forth above.

                                                                    Cecilio L. Ruiz, Jr., Assistant District Director for DD & P
                                                                    (Signature and Title of Issuing Officer)

Date:    August 26, 1997                                             Harlingen, Texas
                                                                    (City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


MARIA DE JESUS CASTILLO DE ROMO                    )

v.                                                 )

TOM RIDGE, and MARC MOORE,                         )
     U.S. DEPT OF HOMELAND SECURITY, and    )
THE UNITED STATES OF AMERICA.                      )
_____)


EXHIBIT "E" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS



IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of

Case No.: A36-754-033

ZAVALA-SERRATOS, JOSE ANGEL
     Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 26, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ] The respondent was ordered removed from the United States to
_____ or in the alternative to _____

[ ] Respondent's application for voluntary departure was denied and
respondent was ordered removed to _____
alternative to _____

[ ] Respondent's application for voluntary departure was granted until
_____ upon posting a bond in the amount of $ _____
with an alternate order of removal to _____

[ ] Respondent's application for asylum was ( )granted ( )denied
( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted
( )denied ( )withdrawn.

[✓] Respondent's application for cancellation of removal under section
240A(a) was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted
under section 240A(b)(1) ( ) granted under section 240A(b)(2)
( ) denied ( ) withdrawn. If granted, it was ordered that the
respondent be issued all appropriate documents necessary to give
effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was
( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____
of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
was ordered that respondent be issued all appropriate documents necessary
to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper
notice.

[ ] Respondent was advised of the limitation on discretionary relief for
failure to appear as ordered in the Immigration Judge's oral decision.

[✓] Proceedings were terminated.

[ ] Other: _____

Date: Mar 26, 2001
Appeal: Waived/Reserved    Appeal Due By: Apr 25, 2001

MARGARET BURKHART
Immigration Judge

: 000088

CIP

CAUSE NO. 97-CR-351

DEC 1 5 1997

THE STATE OF TEXAS     *     IN THE DISTRICT COURT

VS.     *     381ST JUDICIAL DISTRICT

JOSE ANGEL ZAVALA     *     STARR COUNTY, TEXAS

### PROBATION JUDGMENT

BE IT REMEMBERED that on this the _____15_____ day of _____, 19__97__, the above numbered and entitled cause was called for trial, and the State of Texas appeared by her District Attorney, and the Defendant, JOSE ANGEL ZAVALA, appeared in person and by his attorney, JOEL MADRIGAL, and both parties announced ready for trial; and the Defendant and his attorney, in open Court, in person and in writing waived his right to trial by jury, and the District Attorney in writing and in open Court consented and approved the waiver of trial by jury, all of which waivers have been filed with the papers of this cause; and it appearing to the Court that all prerequisites of the law for waiving the right of trial by jury have been performed; therefore, the Court hereby consents and approves the said Defendant's waiver of the right to trial by jury and now enters the same in the minutes of the Court.

WHEREUPON, the Defendant, having been indicted in the above entitled and numbered cause for the felony offense of POSSESSION OF COCAINE, after having , plead guilty to the charge contained in the Indictment. Thereupon, the said Defendant was admonished by the Court of the consequences of said plea, including the maximum and minimum punishments, and the said Defendant persisted in entering said plea; and it plainly appearing to the Court that the Defendant is mentally competent and is uninfluenced in making his plea by any consideration of fear, persuasion, or delusive hope of pardon, parole, or probation prompting him to confess his guilt, the said plea is accepted by the Court and is herenow entered of record upon the minutes of the Court as the plea herein of the said Defendant.

WHEREUPON, the Defendant, having in open Court and in writing, consented to waive the appearance, confrontation, and cross-examination of witnesses and having further consented and agreed to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the accusation against the Defendant and the judgment of the Court, the Court hereby in writing consents and approves such waiver and orders that it be filed with the papers in this cause.

WHEREUPON, the Defendant proceeded to trial before the Court and the State proceeded to introduce evidence into the record of this cause showing the guilt of the Defendant, said evidence being accepted by the Court as the basis for its judgment, and the Court having considered the Indictment, the Defendant's plea thereto, the

evidence submitted, and the argument of counsel thereon, found the Defendant guilty of the felony offense of POSSESSION OF COCAINE, which offense was committed on the 14th day of February, 1997, in Starr County, Texas, and assessed the punishment of confinement in a State jail facility for a term of Two (2) years;

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant, JOSE ANGEL ZAVALA, is guilty of the felony offense of POSSESSION OF COCAINE, as charged in the Indictment herein, and it is further adjudged by the Court that the Defendant be punished by confinement in a State jail for a term of Two (2) years, and that the State of Texas do have and recover of the said Defendant all costs of the prosecution expanded, for which execution shall issue.

WHEREUPON, the Defendant and his attorney, in open Court and in writing, waived the ten (10) days allowed by law for sentencing and requested the Court to pronounce sentence upon the Defendant at this time, said written waiver being approved by the Court and filed with the papers in this cause.

WHEREUPON, the Defendant having made application in due time and form for probation under the provisions of Article 42.12, Vernon's Texas Code of Criminal Procedure, on his conviction herein, and the Court, after hearing the evidence and argument of counsel on the question of punishment and after due consideration, is of the opinion and so finds, that the Defendant, has never been convicted of a felony in this or any other State, and is otherwise eligible for probation, and is further of the opinion, and so finds, that the ends of justice and the best interest of both the public and the Defendant will be served if the imposition of the sentence in this cause be suspended and the Defendant be placed on probation under the supervision of the Court.

IT IS THEREFORE ORDERED, by the Court that the imposition of the sentence in this cause be and the same is hereby suspended during good behavior of the Defendant, and that the Defendant, JOSE ANGEL ZAVALA, be and he is hereby placed on probation for a term of Five (5) years, beginning on this date under the supervision of the Court and the duly appointed and acting adult probation officer of Starr County, Texas, who is hereby appointed to supervise this probation, subject to the following terms and conditions of probation, viz:

That during the term of the probation, the Defendant, hereinafter referred to as "Probationer", shall:

1.   Obey all orders of the Court and all rules and regulations of the Community Supervision and Corrections Department;

2.   Commit no offense against the laws of this or any other State or of the United States;

3.    Avoid injurious or vicious habits including, but not limited to, the consumption of alcohol in any form, at any time, public fighting, disorderly conduct and the use of illegal or addictive drugs or controlled substances;

4.    Avoid places of disreputable or harmful character including, but not limited to, bars, taverns, beer joints, or any premises licensed by the State of Texas for the sale and consumption of alcoholic beverages, places where a criminal act is being committed, and places where dangerous drugs or controlled substances are illegally possessed, sold or used.

5.    Avoid persons of disreputable or harmful character including, but not limited to, persons who illegally possess, sell or use controlled substances or dangerous drugs, or persons previously convicted of a felony;

6.    Work faithfully at suitable employment in a lawful occupation or, if unemployed, actively seek employment;

7.    Support his dependents; if any, and obey any Court orders regarding payment of child support;

8.    Report to the probation officer at the Community Supervision and Corrections Department in Starr County, Texas or in any county to which the Defendant's supervision is transferred, between the 1st and 10th day of each month during the probationary period beginning in the month next following the entry of this judgment. If the Defendant is deported and does not re-enter or remain in the United States, he may report by mail;

9.    Give the probation officer his current physical and mailing address, place of employment and any other information requested by the probation officer in order to supervise the Probationer;

10.    Inform the probation officer, in person or by letter, of any arrest, or change in place of residence, marital status, or employment within five (5) days after such change;

11.    Permit the probation officer to visit Probationer at his home, place of employment, or elsewhere at any and all times in order to supervise the probation;

12.    Report to the probation officer upon request, the sources, nature and amounts of all income or money received by Probationer, including copies of all W-2 forms and income tax returns;

13.    Remain within Starr County, Texas, or any county to which Defendant's supervision has been transferred, unless he shall have first secured the written consent of this Court or the said probation officer for him to leave the said county. This

condition is waived if Defendant is deported and does not re-enter or remain in the United States;

14. Observe a curfew and must be at home before 10:00 p.m. each night, and shall not leave such home or place of residence between 10:00 p.m. and 5:00 a.m. unless he has first obtained permission from this Court or from his probation officer;

15. Submit a copy of his fingerprints to the Sheriff's Department of Starr County, Texas, or the Community Supervision and Corrections Department;

16. Not purchase, possess, use, transport, or carry on or about his person any firearm, illegal weapon, or any knife with a blade longer than 3 1/2 inches.

17. Report to the county jail for N/A consecutive weekends, beginning the N/A and remain there in custody each weekend, from 6:00 p.m. Friday until 6:00 p.m. Sunday;

18. Pay all court costs INSTANTER. The Court orders the Defendant to pay all court costs on or before the _____ day of _____, 19_____.

19. Pay a supervisory probationary fee of $40.00 per month to the probation office, between the 1st and 10th day of each month during the probationary period. This condition is waived if Defendant is deported and does not re-enter or remain in the United States;

20. Make restitution to N/A in the sum of -0-, payable as follows: At the rate of N/A per month commencing on N/A and continuing at the same rate until the full amount is paid;

21. Pay a fine of $900.00, payable as follows: At the rate of $ _15.00_ , per month, commencing on _12/26/93_ and continuing at the same rate until the full amount is paid;

22. Reimburse the county for compensation paid to appointed counsel for defending him in this case, in the amount of_____ payable as follows: At the rate of _____ per month commencing on _____ and continuing at the same rate until the full amount is paid;

23. File with the probation officer, at the probation office, between the 1st and 10th day of every month next following a default in any payment required of Probationer by this judgment, a detailed statement, in writing and under oath, of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

24. File with the probation officer, at the probation office, between the 1st and 10th day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours, a detailed statement, in writing and under oath, of all efforts made by Probationer to secure and hold employment during the entire month in which he was not gainfully employed 150 hours;

25. Submit to testing for control substances (urinalysis) at your own expense as directed by your Community Supervision and Corrections Officer.

26. Participate in the following community based or rehabilitation program, to-wit:_____.

27. If the Defendant is to be deported the Defendant shall not be required to report in person. If the Defendant returns to the United States under any circumstances he is ordered to report to the Starr County Probation Department immediately upon his return.

In addition to the above conditions of probation, Defendant is further ordered by the Court to abide by the following special conditions of probation checked below:

_____ 28. Defendant is assigned to intensive supervision for one (1) year or until the level of supervision is changed by the Court or the probation officer;

_XX_ 29. Attend counseling sessions for substance abusers in a program approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 30. Participate in substance abuse treatment services in a program or facility approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 31. Remain under custodial supervision in the following community based facility, to-wit: _____, obeying all rules and regulations of such facility, and paying a percentage of his income to the facility for room and board;

_____ 32. Participate in a program at the direction of the probation officer that teaches functional illiterate persons to read;

_XX_ 33. Obtain a General Equivalency Diploma (GED) within one (1) year from the date of this judgment;

_XX_ 34. Perform 175 hours of community service under the direction of the probation officer. In lieu of such community service, Defendant may make a donation to an approved charity or non-profit organization in

the amount of -0-.

_XX_ 35.  Make reimbursement to the Texas Department of Public Safety for analysis and storage of controlled substances, in the amount of $140.00.

_XX_ 36.  Make reimbursement to the Starr County Community Supervision and Corrections Department for the Pre-Sentence Investigation Report, in the amount of $50.00.

_____ 37.  Pursuant to Article 42.12 C.C.P., Section 14, the Court finds: (1) this Defendant has been placed on community supervision under this Article; (2) the Defendant is charged with or convicted of a felony other than a felony under Sec. 21.01, 22.011, 22.021 or 25.06 of the Penal Code; and (3) the Court affirmatively finds that (a) drugs or alcohol abuse significantly contributed to the commission of the crime or violation of community supervision and (b) the Defendant is a suitable candidate for treatment, as determined by the suitability criteria established by the Texas Board of Criminal Justice under Section 493.009(b) of the Government Code.

As a condition of community supervision, the Defendant is required to serve a term of confinement and treatment in a substance abuse treatment facility under this section for a term of not less than 6 months or more than 1 year, and upon release the Defendant is required to participate in a drug or alcohol abuse continuum of care.

All payments required of the Probationer by this judgment shall be paid within the times specified, at the probation office to the probation officer, for which Probationer shall receive a receipt evidencing payment.

You are hereby advised that under the laws of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation alter, or modify, the conditions of your probation. The Court also has the authority at any time during the period of your probation to revoke your probation for violation of any of the conditions set out above.

The District Clerk shall deliver to Probationer a copy of this judgment containing the terms and conditions of probation, and the date of delivery of such Order shall be noted on the Docket Sheet.

SIGNED AND ENTERED this the _15_ day of _December_, 19_97_.

JOHN A. POPE, IVI
DISTRICT JUDGE
381ST JUDICIAL DISTRICT COURT
STARR COUNTY, TEXAS

    I have received a copy of this Order and fully understand each of the terms and conditions imposed.

DATE:_____

JOSE ANGEL ZAVALA
PROBATIONER

    A certified copy of the Probation Judgment in this cause was delivered to Probationer on the _____ day of _____ A.D. 19_____.

DISTRICT CLERK

RIGHT INDEX
RIGHT THUMBPRINT

LEFT INDEX
LEFT THUMBPRINT

RECORDED IN VOLUME J PAGE: 241-269

DATE 1-26-98
A true copy I certify
JUAN ERASMO SAENZ
District Clerk, Starr County, Texas
By_____ Deputy